IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cv-00933-MEH

HANAN ALI, HELEN BELAY, and LENA DERANI,

    Plaintiffs,

vs.

JERUSALEM RESTAURANT, INC.,

    Defendant.

---

**AMENDED COMPLAINT AND JURY DEMAND**

---

    Plaintiffs Hanan Ali, Helen Belay, and Lena Darani, by their attorney Robert M. Liechty of CROSS LIECHTY LANE PC, bring the following amended complaint:

    1.    All of the plaintiffs reside in Denver or Aurora, Colorado. The actions in this case took place in the federal District of Colorado.

    2.    Defendant Jerusalem Restaurant, Inc., is located at 1890 E. Evans Ave, Denver, Colorado. The managers/co-owners of the restaurant are Mr. Said Wahden and his wife, Ms. Urayb Wahden. The restaurant employs approximately 30 people as cooks and food servers.

    3.    Plaintiffs Ali and Belay bring claims under Title VII that they were discriminated against because of their pregnancy. These two plaintiffs will be referred to as the Title VII plaintiffs. They have exhausted their administrative remedies with the EEOC and received a right to sue letter on March 31, 2014. In addition, plaintiffs Ali

and Derani are bringing a claim under the Fair Labor Standards Act, and under Colorado's corresponding statute, C.R.S. §8-6-118, for failure to pay their overtime hours. Therefore, jurisdiction is proper in this Court.

### *Pregnancy Discrimination*

4. The following outlines the pregnancy discrimination in the order that the pregnant employees told the restaurant that they were pregnant. A former plaintiff who has now relocated to her native Ethiopia, Ms. Winta Ayele, had worked as a waitress at the restaurant for 3½ years, from September, 2009. She performed her duties well and never received discipline or a reprimand.

5. She told the owner/manager, Ms. Wahden, that she was pregnant in mid-February, 2013 (with a due date of September 2), and, one month later, in mid-March, 2013, her hours were reduced from 60 hours per week to 24 hours per week, which put her under financial strain. Nonetheless, Ms. Ayele did not resign.

6. On June 24, 2013, Mr. Said Wahden, the other manager/co-owner, told her not to come to work that day. She was replaced, although no one told her that she was terminated. She was given no reason for her reduction in hours nor for her termination.

7. Plaintiff Belay worked approximately eight months for the restaurant at 36 hours/week, waitressing as a second job. She performed her duties satisfactorily and had no disciplinary actions taken against her.

8. In March, 2013, she told Ms. Wahden that she was pregnant. Her due date was September 10, 2013. On March 18, 2013, shortly after telling the restaurant

that she was pregnant, her days were reduced from four days per week to three days per week. On around May 1, 2013, six weeks after telling the restaurant that she was pregnant and shortly after Ms. Ayele was terminated, she also was terminated and was given no reason for her termination at the time.

9. She subsequently discovered that she allegedly was terminated because she did not provide a more definitive work schedule for her second job working as a server for the Hyatt Hotel. However, she worked on-call on Fridays and Sundays for the Hyatt, which the restaurant knew, and she could not provide a more definitive schedule. Thus, this alleged reason for termination was a pretext.

10. Ms. Ali had worked as a waitress at the restaurant for 11 months. She performed her duties satisfactorily and had no disciplinary actions taken against her. She did miss several shifts in February, due to morning sickness caused by her pregnancy, but she always had other waitresses cover her shifts for her and she was never told that this violated the restaurant's policy.

11. On approximately May 1, 2013, she told Ms. Wahden that she was pregnant. Her due date was December 14, 2013. Seven weeks later, at the end of June, 2013, her hours were reduced without explanation from 40 hours per week to eight hours per week. She could not survive on such reduced hours and was forced to seek work elsewhere.

12. In each of the three cases, the hours were reduced, or the pregnant employee was terminated, only after replacements had been found.

13.     Another food server, Yodit Gebra, worked until she was eight months pregnant and began pregnancy leave in February, 2013, approximately the same time that Ms. Ayele, the first of the three pregnant employees, initially told the restaurant that she was pregnant.  Ms. Gebra returned to work on May 15, 2013.  There had been no other pregnant employees working at the restaurant since mid-2009.  Therefore, the circumstances demonstrate that the restaurant experienced pregnancy leave and did not want to go through such leave with another employee after having done so with Ms. Gebra.  Therefore, it either terminated the employee or reduced her hours to the point where the employee was forced to find work elsewhere.

14.     Under 42 USC §2000e-2(a)(1), it is unlawful for an employer to discharge any individual because of such individual's sex.  Under §2000e(k), the phrase "because of such individual's sex" includes discrimination because of or on the basis of the individual's pregnancy.  The restaurant violated 42 USC §2000e-2(a)(1) when it terminated the above individual's employment because of their pregnancy.

15.     As a result of the unlawful terminations, plaintiffs have suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience.  They are entitled to compensation for these losses under 42 USC §1981A(b).

16.     They are also entitled to punitive damages under 42 USC §1981A(b)(1) because the restaurant engaged in a discriminatory practice with malice or reckless indifference to the federally protected rights of the plaintiffs.

17.     Finally, plaintiffs are entitled to their attorney's fees and costs pursuant to 42 USC §2000e-5(k).

### *Unlawful Failure to Pay Overtime under the FLSA and under CRS §8-6-118*

18.     The restaurant failed to pay plaintiffs Ali and Derani their overtime hours as required by the FLSA and by Colorado statute and regulation.

19.     Plaintiff Lena Derani, whose formal name is Hayat Derani, worked for the restaurant from February 8, 2008, through January 4, 2013, as a food server.  On average she worked 55-60 hours per week (120 hours per week during her first year), but was never paid more than 40 hours per week at the minimum wage for a tipped employee.  The minimum hourly wages for tipped employees in Colorado were as follows:

| Year | Wage |
|---|---|
| 2008 | $4.00 |
| 2009 | $4.26 |
| 2010 | $4.22 |
| 2011 | $4.34 |
| 2012 | $4.62 |
| 2013 | $4.76 |

20.     The failure to pay any wages over the 40 hours per week was a willful violation of the FLSA under 29 USC §255(a).

21.     Under 29 USC §216(b), and under the Colorado counterpart, CRS §8-6-118, Ms. Derani is entitled to payment of her unpaid overtime wages.  Because she was paid no more than 40 hours per week, even though she worked an average of 55-60 hours per week, she is entitled to an average of 17.5 hours per week in unpaid wages at 1½ times the minimum cash wage for tipped employees at the rates set forth in ¶ 19 from April 1, 2011 (three years prior to filing the complaint), through January 4, 2013, when Ms. Derani left employment, a total of 90 weeks.  This totals approximately $12,419.23.

22. Under 29 USC §216(b), she is entitled an additional equal amount as liquidated damages, for a total of approximately $24,838.46.

23. At the beginning of her employment, in approximately July, 2012, Ms. Ali worked 3 weeks of six days per week averaging 54 hours per week. As with the above two plaintiffs, she was only paid 40 hours per week and, under 29 USC §216(b), she is entitled to payment of the additional 14 hours per week at $6.93 per hour, or $97.02 per week, for a total of $291.06.

24. She also covered for Ms. Belay when Ms. Belay was off work from December 13, 2012, through January 7, 2013. Although Ms. Ali worked 54 hours per week for these three weeks, she was only paid for working 40 hours per week, for a total unpaid wages of $296.80.

25. Under 29 USC §216(b), she is entitled an additional equal amount as liquidated damages, for a total award of $1,175.72.

26. The failure to pay the two plaintiffs their overtime wages at a rate not less than 1½ times the regular rate at which plaintiffs were paid, violates 29 USC §207(a)(1) and CRS §8-6-118.

27. Under §216(b) and CRS §8-6-118, plaintiffs are entitled to a reasonable attorney's fee and costs of the suit.

28. Plaintiffs bring this claim on their own behalf and on behalf of all other employees of Jerusalem Restaurant, Inc., who were not paid their overtime wages and who may join this litigation pursuant to 29 USC §216(b).

29. The restaurant is liable for punitive damages under federal law for deliberate failure to pay any wages for working more than 40 hours per week, let alone for failure to pay the additional overtime wages.

### *Breach of Contract*

30. Under Colorado law, a party may claim of breach of contract for up to six years in the past. Ms. Derani had a verbal contract with the restaurant to work for the minimum wage. The restaurant only paid her for 40 hours of work per week, notwithstanding the fact that she was working 55-60 hours per week and 120 hours per week during her first year.

31. Thus, the restaurant breached its contract with Ms. Derani from April 1, 2008, through April 1, 2011, by failing to pay her at least 15-20 hours of additional work (and 80 hours of additional work in 2008-09) that she performed for the restaurant each week at the minimum wage set forth in ¶ 19 above. This amount totals approximately $25,021.65.

WHEREFORE, plaintiffs respectfully request that this Court enter judgment in their favor and for interest, costs, attorney's fees, and such other relief as this Court may deem proper.

Plaintiffs request trial to a jury.

Respectfully submitted this June 23, 2014.

                CROSS LIECHTY LANE PC

By:    s/    *Robert M. Liechty*
        Robert M. Liechty
        7100 E. Belleview Ave., Suite G-11
        Greenwood Village, Colorado 80111
        Tel: (303) 333-4122
        Email: rliechty@crossliechty.com
        ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this June 23, 2014, a true and correct copy of the above and foregoing **AMENDED COMPLAINT AND JURY DEMAND** was, unless otherwise indicated, filed electronically with the Court who provides notice to the following:

Wadi Muhaisen, Esq.
MUHAISEN & MUHAISEN, LLC
1435 Larimer St., Ste. 203
Denver, CO 80202
wadi@muhaisenlaw.com

*Original Duly Signed at Law Offices of Cross Liechty Lane PC*

s/    *Linda L. DeVico*

8