IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cv-00933-MEH

HANAN ALI and LENA DERANI,

    Plaintiffs,

vs.

JERUSALEM RESTAURANT, INC.,

    Defendant.

## MOTION FOR LEAVE TO CONDUCT DEPOSITIONS IN CHAMBERS AND REQUEST FOR FORTHRIGHT DECISION

    Plaintiffs Hanan Ali and Lena Derani, by their attorney Robert M. Liechty of CROSS LIECHTY LANE PC, move for leave to conduct the depositions of the two former plaintiffs to be held in the court's chambers on September 19, 2014, and, as grounds therefor, state as follows:

    1.    The undersigned has communicated with counsel for defendant who will oppose this motion.

    2.    Winta Ayele and Helen Belay were both former clients of the undersigned and former plaintiffs in the instant case. They first contacted the undersigned, along with plaintiff Ali, in July, 2013. Both testified in the unemployment compensation hearings for Ms. Ali and for Ms. Belay. Both took part in the EEOC filing submitted July 8, 2013. In fact, Ms. Belay was the motivator behind the Title VII litigation.

3.      In mid-June, 2014, Ms. Ayele contacted the undersigned and said she could no longer take part in the litigation because she was going to move to back to Ethiopia.  Therefore, the undersigned moved to dismiss her from the case.

4.      A few weeks later, on June 30, 2014, Ms. Belay called the undersigned to say that she also could no longer take part in the litigation because she, also, was going back to Ethiopia for six months and then would move to Washington, DC.  The undersigned told Ms. Belay that she could still prosecute the case from Washington, DC.  In addition, the undersigned thought something was awry because both of the former plaintiffs had seemed committed to the litigation.  Therefore, the undersigned did not at that time move to dismiss Ms. Belay from the case nor discuss her request with anyone but with the other two plaintiffs.

5.      At the scheduling conference on July 10, 2014, new counsel for defendant, Ms. Milligan, said that she had not yet received the file from opposing counsel, but that she had spoken with the restaurant's owners.   She volunteered in the scheduling conference that she heard that Ms. Belay had also moved to dismiss her claims.  Ms. Milligan would have only known of this by talking with the undersigned, by talking with Ms. Belay, or by talking with the owners (who were talking with Ms. Belay).  In all likelihood, the restaurant's owners probably told Ms. Milligan that Ms. Belay wanted to drop her claims.  Thus, it is likely that the restaurant's owners were communicating directly with Ms. Belay.

6. Thus, there is a reasonable basis to believe that the restaurant's owners had something to do with Ms. Belay and Ms. Ayele dropping their claims. The undersigned does not suggest that Ms. Milligan acted improperly in any way.

7. In two separate telephone calls, the undersigned asked Ms. Belay if she was being threatened in any way by the restaurant's owners. She denied this. In one phone conversation, she handed the phone to Ms. Ayele, who was standing with her, and Ms. Ayele also denied any intimidation. However, they both insisted that they not be made to testify, although, when asked, they could offer no reason why they could not provide testimony.

8. Both of these women were born and raised in Ethiopia and, therefore, the American judicial system is not part of their culture. Their insistence that they not testify was a complete turnabout from the unemployment compensation hearings when both of them were eager to testify.

9. The undersigned reasonably believes that one or both of these women has been intimidated by someone. Therefore, plaintiffs request that Ms. Ayele's and Ms. Belay's depositions take place in the court's chambers so that the court may advise them regarding what legal protection they have from such intimidation.

10. Because much of their testimony has already been preserved in the unemployment hearing transcripts (although some was inaudible and must be repeated), their additional testimony will be relatively short, approximately 30-45 minutes each. The depositions are scheduled for September 19, 2014, from 9:00 to 10:30.

WHEREFORE, plaintiffs Ali and Derani respectfully request that this Court allow the depositions of Ms. Ayele and Ms. Belay to take place in the court's chambers on the morning of September 19, 2014, in the presence of the Magistrate Judge.

Respectfully submitted this August 28, 2014.

CROSS LIECHTY LANE PC

By: s/ *Robert M. Liechty*
Robert M. Liechty
7100 E. Belleview Ave., Suite G-11
Greenwood Village, Colorado 80111
Tel:  (303) 333-4122
Email:  rliechty@crossliechty.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this August 28, 2014, a true and correct copy of the above and foregoing **MOTION FOR LEAVE TO CONDUCT DEPOSITIONS IN CHAMBERS AND REQUEST FOR FORTHRIGHT DECISION** was, unless otherwise indicated, filed electronically with the Court who provides notice to the following:

Tanya E. Milligan, Esq.
Messner Reeves LLP
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Email: tmilligan@messner.com

*Original Duly Signed at Law Offices of Cross Liechty Lane PC*

s/ *Linda L. DeVico*