**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-00933-MEH

HANAN ALI and LENA DERANI

Plaintiffs,

vs.

JERUSALEM RESTAURANT, INC.

Defendant.

## ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

Defendant Jerusalem Restaurant, Inc. ("Defendant"), by and through its counsel Messner Reeves LLP, hereby submits its Answer to Plaintiffs' Amended Complaint and Jury Demand, as follows:

1. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1, and therefore denies the same.

2. Defendant admits it is owned by Said Wahdan and Urayb Wahdan; is located at 1890 E. Evans Ave., Denver, Colorado; and employs approximately 20-25 employees. Defendant denies all other allegations in Paragraph 2.

3. Plaintiff Belay was dismissed from this action on July 18, 2014; therefore, all claims brought on behalf of Plaintiff Belay are moot. In regard to the remaining allegations, Defendant admits the Plaintiffs are bringing the claims alleged and admits jurisdiction appears to be proper based on the allegations made; however, Defendant denies any unlawful employment actions occurred and further denies all other allegations in Paragraph 3.

4.    Defendant admits Winta Ayele worked as a waitress at Defendant's restaurant from September 2009 until June 2013. Defendant is without knowledge or information sufficient to admit or deny that Ms. Ayele lives in Ethiopia. Defendant denies all other allegations of Paragraph 4.

5.    Defendant admits Ms. Ayele informed Ms. Wahdan she was expecting; Defendant denies all other allegations of Paragraph 5.

6.    Defendant denies the allegations of Paragraph 6.

7.    Plaintiff Belay was dismissed from this action on July 18, 2014; therefore, all claims brought on behalf of Plaintiff Belay are moot. To the extent a response is required, Defendant admits that Belay was employed between September 2012 and March 2013 as a waitress, working approximately 36 hours per week; Defendant denies all other allegations of Paragraph 7.

8.    Plaintiff Belay was dismissed from this action on July 18, 2014; therefore, all claims brought on behalf of Plaintiff Belay are moot. To the extent a response is required, Defendant denies the allegations of Paragraph 8.

9.    Plaintiff Belay was dismissed from this action on July 18, 2014; therefore, all claims brought on behalf of Plaintiff Belay are moot. To the extent a response is required, Defendant denies the allegations of Paragraph 9.

10.   Defendant admits that Plaintiff Ali worked as a waitress from August 2012 until August 2013; Defendant denies all other allegations of Paragraph 10.

11.   Defendant admits Plaintiff Ali told Ms. Wahdan she was pregnant. Defendant denies all other allegations of Paragraph 11.

12.   Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. The first two sentences of Paragraph 14 state no factual allegations, therefore no response is required. To the extent a response is required, Defendant denies the same. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant admits that Plaintiff Derani worked for Defendant's restaurant for approximately five years. The remaining sentences state legal conclusions, and therefore no response is required. To the extent a response is required, Defendant denies the same.

20. Paragraph 20 states a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the same.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Paragraph 26 states a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the same.

27. Paragraph 27 states no factual allegations, therefore no response is required. To the extent a response is required, Defendant denies the same.

28. Defendant admits that Plaintiffs assert claims on their own behalf. Defendant also admits that, according to Paragraph 28, Plaintiffs seek to have their suit treated as a collective action, but denies that Plaintiffs or purported collective members are entitled to any relief and denies the case should proceed as a collective action. The remaining allegations state a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the same.

29. Defendant denies the allegations of Paragraph 29.

30. The first sentence of Paragraph 30 states no factual allegations, therefore no response is required. To the extent a response is required, Defendant denies the same. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

## GENERAL DENIAL

Defendant denies each and every allegation in the Amended Complaint that has not otherwise been specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Amended Complaint may fail to state a claim upon which relief can be granted.

2. Plaintiffs' injuries, damages and losses, if any, may be barred or diminished by Plaintiffs' failure to mitigate damages.

3. Plaintiffs' claims may be barred by their failure to exhaust remedies and administrative remedies available.

4. Plaintiffs' claims may be barred by their failure to adequately perform the duties for which they were hired.

5. Plaintiffs' claims may be barred by their own conduct.

6. Defendant's actions may have been justified as part of a bona fide occupational qualification or requirement.

7. Defendant's actions may have been based on reasonable factors, good cause, legitimate business reasons, and/or other non-discriminatory factors.

8. Defendant's actions were not based on discrimination or other improper factors or reasons.

9. Plaintiffs' claims may be barred for their failure to establish a prima facie case.

10. Plaintiffs' claims may be barred due to unsatisfactory job performance.

11. Plaintiffs' claims may be barred due to medical reasons and/or their inability to perform required job duties.

12. Plaintiffs' claims may be barred by their failure and/or refusal to accept reasonable accommodations.

13. Plaintiffs' claims may be barred by their comparative fault and/or participation in the complained of conduct.

14. Plaintiffs' claims may be barred, in whole or in part, by their failure to comply with their employer's legitimate and non-discriminatory policies and procedures.

15. Plaintiffs' claims may be barred, in whole or in part, by their failure to complain or report allegedly offending conduct, and/or their failure to otherwise comply with their employer's non-discriminatory policies and procedures relating to same.

16. Plaintiffs' claims may be barred because Defendant has paid them all sums owed.

17. Plaintiffs' claims may be barred, in whole or in part, because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimus*.

18. Plaintiffs do not state facts sufficient to certify a collective pursuant to the Federal Rules of Civil Procedure or 29 U.S.C. § 216.

19. There is a lack of common issues of fact or law, and, accordingly, this action is not properly brought as a collective action.

20. Plaintiffs are not proper representatives of the collective they purport to represent, and, accordingly, this action is not properly brought as a collective action.

21. Plaintiffs' claims are not typical of the collective they purport to represent, and, accordingly, this action is not properly brought as a collective action.

22. Plaintiffs' counsel is not adequately familiar with the substantive and procedural law pertinent to collective actions and, accordingly, this action is not properly brought as a collective action.

23. The purported collective is not sufficiently numerous and, accordingly, this action is not properly brought as a collective action.

24. The collective action procedure is not the superior method for adjudicating Plaintiffs' claims or the claims of the purported collective and, accordingly, this action is not properly brought as a collective action.

25. Pursuant to 29 U.S.C. § 259 and applicable Colorado law, Defendant's alleged failure to pay Plaintiffs or any putative collective member any of the wages on which Plaintiffs' claims are based, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement

policy of the United States Department of Labor and Colorado's Department of Labor and Employment.

26. Plaintiffs and the putative members of the purported collective action defined in the Amended Complaint are barred from recovering penalties or liquidated damages pursuant to, *inter alia*, the Fair Labor Standards Act and/or applicable Colorado laws because: (a) Plaintiffs have failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiffs or others.

27. Plaintiffs lack standing to assert any purported cause of action and lack standing to represent the interests of some or all of the putative collective action members.

28. Plaintiffs' claims may be barred by the applicable statute of limitations.

29. Plaintiffs' claims may be barred by the doctrine of laches.

30. Plaintiff's claims may be barred, in whole or in part, by the principles of accord and satisfaction.

31. Plaintiffs' claims may be barred to the extent that Plaintiffs consented to any of the alleged activity or conduct.

32. Plaintiffs' are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, or confiscatory.

33. Plaintiffs' claims may be barred by the doctrine of waiver, estoppel, offset, and/or setoff.

34. To the extent Plaintiffs' claimed damages are in the form of non-economic losses, these claims may be barred or limited pursuant to C.R.S. § 13-21-102.5.

35. Any damages allegedly sustained by Plaintiffs may be subject to the requirements of C.R.S. 13-21-111.6, as amended, to the extent applicable, providing for reduction of damages for payment from collateral sources.

36. Plaintiffs' claims may be barred by the terms of their employment contracts, and by the terms of the Jerusalem Restaurant, Inc. Handbook governing employees.

37. Plaintiffs' claims may be barred by the fact that Plaintiffs' employment contracts were for employment at will.

38. Plaintiffs' claims may be barred because the conduct Defendant was alleged to have engaged in did not occur.

39. Plaintiffs' claims may be barred because Plaintiffs' separation from employment was based on non-discriminatory reasons.

40. Plaintiffs' claims may be barred pursuant to the after-acquired evidence doctrine.

41. Plaintiffs' state law claims may be barred for lack of supplemental or pendant jurisdiction.

42. Plaintiffs' claims may be contrived and manufactured and/or otherwise substantially frivolous and groundless, thereby entitling Defendant to an award of attorneys' fees, costs, expert witness fees, and for such other relief as the Court deems just and proper.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional affirmative defenses as Plaintiffs' claims are clarified in the course of this litigation.

WHEREFORE, Defendant prays for judgment in its favor and for further judgment against Plaintiffs and Plaintiffs' attorneys for attorneys' fees in defending this action as amended, and for costs, expert witness fees, and for such other relief as the Court deems just and proper.

**DEFENDANT REQUESTS THAT ALL ISSUES OF FACT BE TRIED TO A JURY OF NO LESS THAN SIX (6) PERSONS**

DATED: October 8, 2014.

                                               Respectfully submitted,

                                               MESSNER REEVES LLP

                                             *s/ Allison J. Dodd*
                                             Allison J. Dodd
                                             1430 Wynkoop Street, Suite 300
                                             Denver, Colorado 80202
                                             Telephone: (303) 623-1800
                                             Facsimile: (303) 623-0552
                                             Email: adodd@messner.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 8, 2014, I electronically filed the foregoing **ANSWER TO AMENDED COMPLAINT AND JURY DEMAND** via the CM/ECF system:

Robert M. Liechty
CROSS LIECHTY LANE PC
7100 E. Belleview Ave, Suite G-11
Greenwood Village, CO 80111

                                               *s/ Kim Sonka*