IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00933-MEH

HANAN ALI, and
LENA DERANI,

    Plaintiffs,

v.

JERUSALEM RESTAURANT, INC.,

    Defendant.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 24, 2014**.

    Defendant's Motion for Leave to Modify the Scheduling Order to Extend Discovery Cut-Off [filed October 10, 2014; docket #33] is **denied without prejudice**. The scheduling order may be modified "*only* for good cause[.]" Fed. R. Civ. P. 16(b)(4) (emphasis added). The "good cause" standard requires the moving party to show that despite his diligent efforts, he could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker International, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001).

    Defendant requests an extension "[g]iven the testimony elicited [during the depositions of] two former named Plaintiffs[.]" (Docket #33, ¶ 3.) Defendant does not explain why that testimony provides "good cause" to grant an extension. While a detailed explanation is unnecessary, Defendant must provide *some* information as to what was discovered at the depositions that necessitates additional time to conduct discovery.

    Defendant states only that "Plaintiffs have not provided any reason as to how they would be adversely affected with an extension[,]" and "[b]ecause the requested extensions are well before the trial date, there is no undue prejudice for granting the extensions." (Docket #38, ¶¶ 1-2.) However, the standard is not whether there is undue prejudice. Without more, the opposing parties' failure to articulate specific prejudice, on its own, does not satisfy the "good cause" requirement under Fed. R. Civ. P. 16(b)(4).