# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-00933-MEH

HANAN ALI and LENA DERANI

Plaintiffs,

vs.

JERUSALEM RESTAURANT, INC.

Defendant.

---

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiffs Hanan Ali and Lena Derani ("Plaintiffs") and Defendant Jerusalem Restaurant, Inc. ("Defendant") (referred to herein collectively as "the Parties") move for an entry of a Stipulated Confidentiality Agreement and Protective Order pursuant to Federal Rule of Civil Procedure 26(c), whereby the Parties have agreed to produce certain confidential business and personal records and other confidential information (collectively "Confidential and Proprietary Information"), subject to the terms of this Order.

Confidential and Proprietary Information may include, but is not specifically limited to, the following types of documents and/or information:

1. Documents containing Plaintiffs' personal, educational, medical, employment, and/or financial information;

2. Documents containing Defendant's private, confidential, and/or proprietary information with regards to policies, procedures and practices including, but not limited to, employee handbooks, benefits guides, and training manuals,;

3. Documents that contain personal and highly confidential information about past or present employees of Defendant.

Fed. R. Civ. P. 26(c) provides for the issuance of an Order such as this limiting the disclosure and use of information and documents for good cause, and the Court finds such good cause exists based on the foregoing.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Court finds that the release of the foregoing information and/or documentation to parties outside this litigation could result in wrongful disclosure of Plaintiffs', Defendant's, and/or third parties' Confidential and Proprietary Information. The Parties have a reasonable expectation of confidentiality with regard to their Confidential and Proprietary Information.

3. Confidential and Proprietary Information shall be treated as such by the Party receiving it and shall be used by such Party only for the prosecution or defense of this case. All documents and/or information with Confidential and Proprietary Information in them shall be deemed subject to this Order unless otherwise ordered by the Court. Except as agreed by the Parties or ordered by the Court, disclosure of such Confidential and Proprietary Information is limited to:

   a. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court as well as jurors;

   b. Persons with prior knowledge of the confidential documents or information;

    c. Counsel of record and other partners, associates, and legal/clerical assistants and/or staff of the Parties' respective firms that are assigned to or working on this case;

    d. The Parties, including officials, officers, directors, and managerial employees of Defendant;

    e. Any independent document reproduction services or document recording and retrieval services;

    f. Any other person from whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

    g. Any mediator agreed to by the Parties, but not appointed by the Court.

    h. Any witness and potential witnesses, provided counsel has a good faith belief the witness needs to review the Confidential and Proprietary Information (except that any such witness will not be given a copy of the confidential document) and only to the extent reasonably necessary to determine: (i) whether the witness has knowledge relevant to this litigation; or (ii) whether that potential witness will be called to testify at trial, provided however that the witness has first read this Stipulated Confidentiality and Protective Order and agrees to abide by the terms herein; and

    i. Any individual not listed herein, but agreed to by the Parties.

  4. Persons having knowledge of the Confidential and Proprietary Information by virtue of their participation in the conduct of this litigation shall use the same for the sole purpose of pursuing this litigation and shall not disclose such confidential documents, their contents, or any portion or summary thereof to any person or persons not involved in this case.

5.     **The termination of this case shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential and Proprietary Information pursuant to this Protective Order.  Upon final disposition of this case, all Confidential and Proprietary Information produced pursuant to this Stipulated Confidentiality Agreement and Protective Order and all extracts, abstracts, charts, summaries, notes or copies made there from shall be returned or destroyed as communicated at the time by the producing Party (except excerpts or extracts incorporated into any privileged memorandum of a Party relating to this case).**

7.     Counsel shall not unnecessarily disclose Confidential and Proprietary Information on the public record of this proceeding or in written arguments or memoranda submitted to the Court.  Counsel shall have the right to use any information contained in confidential documents, and/or any confidential documents, during the actual trial of this cause of action, as said counsel deems necessary.  By joining in this agreement, however, the Parties do not waive any right to object at trial to the authenticity or admissibility of any document or portion thereof, or the right to file a motion in limine regarding the use at trial of any document or portion thereof.

DATED: _____     _____
                                                                                    U.S. District Court Judge