IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00933-MEH

HANAN ALI, and
LENA DERANI,

    Plaintiffs,

v.

JERUSALEM RESTAURANT, INC.,

    Defendant.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant Jerusalem Restaurant, Inc.'s Motion for Summary Judgment Regarding Plaintiff Lena Derani [filed January 9, 2015; docket #52]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons described below, Defendant's Motion is granted in part and denied in part.

## FINDINGS OF FACT

    The Court finds the following facts, viewed in the light most favorable to Plaintiff Lena Derani, who is the non-moving party in this matter. Ms. Derani was employed as a waitress by Defendant Jerusalem Restaurant (the Restaurant) from February 2008 until January 4, 2013. (Ex. B, Derani Depo., 125:10; 43:4-7.) The Restaurant has been owned and operated by Said Wahdan and Urayb Wahdan since 1978. (Ex. A, Said Wahdan Affidavit, ¶ 2.) When Ms. Derani began working for the Restaurant she was also working for another employer and did not work overtime at the Restaurant. (Ex. 1, Attestation of Lena Derani, ¶ 1.) In May of 2008 she began working only at the Restaurant and alleges she worked an average of 93 hours a week during the busy season

(May-October) and an average of 66 hours a week during the winter season (November- April). (*Id.* at ¶¶ 2-4.) In order to ensure she is only claiming her overtime hours, she claims 50 hours of overtime per week during the busy season and 20 hours of overtime per week during the winter season of 2008-09. (*Id.* at ¶¶ 3-4.) In 2009, 2010, and 2011, Ms. Derani attests she worked an average of 60-67 hours per week at the Restaurant year-round, but she is only claiming 20 hours of overtime per week for that time period. (*Id.* at ¶¶ 5-7.) After Ms. Derani underwent surgery on March 30, 2012, she reduced her hours. (*Id.* at ¶ 8.) Ms. Derani agrees that the timecards produced by the Restaurant beginning April 9, 2012 accurately reflect the hours that she worked. (*Id.* at ¶ 10.)

Ms. Derani alleges that the Restaurant did not pay her for overtime hours that she worked beginning in 2008 until 2012. She brings a claim for violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 (and the Colorado counterpart, C.R.S. § 8-6-118), and a breach of contract claim. Ms. Derani initially filed this action against the Restaurant with three co-Plaintiffs: Winta Ayele, Helen Belay, and Hanan Ali. (Docket #1.) Ms. Ayele and Ms. Belay voluntarily dismissed their claims. (Docket ## 21, 22.) Ms. Ali also brought a pregnancy discrimination claim against the Restaurant.

The Restaurant moves for summary judgment on grounds that the FLSA is subject to a two-year statute of limitations, Ms. Derani has not met her burden of proof on the FLSA claim, the FLSA claim is moot because the Restaurant submitted an offer of judgment to fully compensate Ms. Derani for lost wages, and Ms. Derani has not established the elements of a breach of contract claim. The Restaurant has filed a separate motion for summary judgment against Ms. Ali. (Docket # 51.)

## STANDARD OF REVIEW

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary

judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). However, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Id.* at 324.

That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. v. PepsCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## **ANALYSIS**

**A.      Failure to Pay Overtime**

Ms. Derani claims the Restaurant failed to pay her for overtime hours as required by the FLSA.  The Restaurant contends (1) Ms. Derani's failure to pay overtime claim is subject to a two-year statute of limitations; (2) even if a three-year statute of limitations applies, she cannot prove she performed work for which she was not compensated from April 4, 2011 until April 4, 2012; and (3) the Restaurant's offer of judgment makes her whole for the two-year statute of limitations period.

**1.      Statute of Limitations**

Under the FLSA, a two-year statute of limitations applies to overtime claims unless a violation is willful, in which case a three-year statute of limitation applies.  29 U.S.C. § 255(a).  The Restaurant contends the two-year statute of limitations applies to Ms. Derani's claims because she cannot produce evidence of willfulness.  An action is "willful" if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *Mumby v. Pure Energy Serv. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).  "Reckless disregard can be shown through 'action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  *Id*. (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)); *see also Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334 (10th Cir. 1998) (the standard for determining whether a violation of the FLSA is willful, knowing or reckless "is whether the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]'") (quoting *McLaughlin*, 486 U.S. at 133 (1988)).

In support of its position that it did not act willfully, the Restaurant points to evidence that it maintains a unique policy of paying for off-duty meal periods and breaks, provides employees with

a complimentary meal and beverages during their shifts, and gives employees work-related bonuses. (Ex. E, May 24, 2011 Restaurant Handbook , 000703.) Additionally, Ms. Derani testified that she was paid for time that she was not performing work-related tasks, such as picking her kids up from school. (Ex. B, Derani Depo., 130:14 - 131:21.) The Restaurant argues that if it was trying to circumvent the FLSA, it would not provide these benefits, which are not required by law.

Ms. Derani counters that the Restaurant knew of the overtime pay requirements and/or recklessly disregarded them because she asked Mr. Wahdan why she wasn't getting paid for overtime hours she worked and he responded that she was getting paid too much in tips. (Ex.1, Attestation of Lena Derani, ¶ 11.) When co-Plaintiff Ms. Ali began working at the Restaurant, she attests that she also asked Mr. Wahdan if he would pay her for overtime hours, and he responded that he would not. (Ex. 1, docket #60-1, Attestation of Hanan Ali, ¶ 11.) Additionally, Ms. Derani testified that she discussed overtime pay with other employees who agreed that the Restaurant does not pay employees for overtime. (Ex. B, Derani Depo., 141:12-142:25.) Ms. Derani contends that she worked overtime hours nearly every week, yet only one pay stub shows she was paid for those overtime hours. Moreover, that pay stub indicates that she was only paid her hourly rate of $4.62 instead of the overtime payment rate of $6.93. (Ex. 3, 11/05/2012 - 11/18-2012 pay period stub.)

Ms. Derani's evidence shows that the Restaurant's owner was asked directly about overtime wages by at least two employees, permitting an inference that he knew or showed a reckless disregard for the FLSA requirement to pay overtime wages. The Court finds that despite the Restaurant's showing that it provides benefits it is not legally obligated to provide, Ms. Derani has provided sufficient evidence to permit an inference that the Restaurant did not pay her (or other employees) overtime wages and that its failure to do so was done with knowledge of or in reckless disregard of the FLSA requirements.

Accordingly, there is an issue of material fact as to whether the three-year statute of limitations applies to Ms. Derani's failure to pay overtime claim and summary judgment limiting the claim to a two-year time period is not appropriate.

### 2. Burden of Proof

Under the FLSA, employers are required to "make, keep, and preserve" records of their employees including "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). An employer's compliance with section 211(c) "determines the burden of proof faced by a plaintiff in establishing the number of overtime hours worked." *McGrath v. Cent. Masonry Corp.*, No. 06–cv–00224, 2009 WL 3158131, at *6 (D. Colo. Sept. 29, 2009) (unpublished).

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes[,] a more difficult problem arises.... In such a situation ... *an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference*. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employe[e]'s evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result [may] be only approximate.

*Id.* (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C.Cir.1972)) (emphasis added).

The Restaurant has produced all timecards in its possession, which date back to April 9, 2012 [Ex. D, Derani Payslips and Timecards] and contends that Ms. Derani cannot prove she performed work for which she was not compensated from April 4, 2011 until April 4, 2012 – the time period for which it does not have timecards. Ms. Derani attests as follows about her shifts in 2011: "I worked Monday, Tuesday and Wednesday from 8 a.m. to 6 p.m.; Thursday from 8 a.m. to 10 p.m.; and alternated my Friday Saturday schedule from 5 p.m. to 4 a.m. or from 8 a.m. to 6 p.m. for an

6

average of 67 hours per week for which I'm only claiming 60 hours per week (or 20 hours of overtime per week). Half of the Sundays I worked from noon to 6 p.m., which hours I am not claiming." (Ex. 1, Attestation of Lena Derani, ¶ 7.) Ms. Ali's initial disclosures provided the following FLSA loss calculations:

    2011   39 wks @ 17.5 extra hrs/wk x $6.51 = $4,443.08
    2012   52 wks @ 17.5 extra hrs/wk x $6.93 = $6,306.30
    2013   13 wks @ 17.5 extra hrs/wk x $7.34 = $1,669.85
                                                $12,419.23

(Ex. M, Plaintiffs' Initial Disclosures.)

The supplemental disclosure provided a revised computation of overtime losses, based upon the timecards produced by the Restaurant, as follows:

    2011   39 wks @ 25 extra hrs/wk x $6.51 = $6,347.25
    2012   52 wks @ 5.5 extra hrs/wk x $6.93 = $1,981.98
                                               $8,329.23

(Ex. L, Plaintiffs' First Supplemental Disclosures.) The Restaurant produced only one timecard for 2013, which indicated Ms. Derani worked only three shifts in January 2013, though her initial disclosure computed 13 weeks of unpaid overtime in 2013. (Ex. D, Payslips and Timecards.) In her supplemental disclosure, Ms. Derani did not compute any unpaid overtime for 2013.

The Restaurant dismisses Ms. Derani's evidence as "conflicting" and "self-serving." (Motion, docket #52, p. 19.) These are arguments concerning Ms. Derani's credibility. It is not the role of the Court to resolve credibility issues at the summary judgment stage. *Andserson*, 477 U.S. at 249 (holding that at summary judgment the judge's role is not "to weight the evidence and determine the truth of the matter asserted but to determine whether there is a genuine issue for trial"). The Court finds Ms. Derani has met her burden by providing sufficient evidence to allow an inference that she worked approximately 1,000 hours of overtime in 2011 and 285 hours of overtime in 2012 for which she was not compensated.

The burden then shifts to the Restaurant to "come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 678. The Restaurant contends it has met this burden by producing timecards and payslips indicating that Ms. Derani did not work the 17.5 hours of overtime in 2012 that she initially estimated. While Ms. Derani's supplemental disclosure accurately reflected the reduced overtime hours in 2012 once the timecards were produced, she *increased* the overtime hours she worked in 2011. No timecards were produced for 2011 and Ms. Derani offers no reason for increasing those hours from 17.5 in her initial disclosures to 25 hours in her supplemental disclosures. While Ms. Derani's increase in overtime hours in 2011 without any explanation may undermine her credibility, it does not negate the possibility of a jury's reasonable inference that she worked overtime hours for which she was not paid.

Additionally, the Court distinguishes this case from *Holaway v. Stratasys, Inc.*, 771 F.3d 1057 (8th Cir. 2014), upon which the Restaurant relies. There, the employer did not keep precise records regarding the hours worked by the employee, because the employer classified him as exempt from the FLSA overtime requirements. *Id*. at 1059. The Eighth Circuit determined that Plaintiff had failed to meet his burden because he did not "put forward any evidence of the amount and extent of his work in excess of forty hours a week for any week worked for [the employer.]" *Id*. By contrast, Ms. Derani provided sworn testimony about the days and hours she worked during certain periods of time. Thus, the Court is not persuaded that the conclusions reached in *Holaway* apply to the evidence produced in this case.

Ms. Derani has provided sufficient testimony to permit a reasonable inference that she worked an average of 17.5 hours of overtime a week until she underwent surgery on March 30, 2012. To the extent the Restaurant challenges Ms. Derani's credibility, Ms. Derani raises the same

8

argument against the Restaurant. She points out that the Restaurant's record keeping commenced immediately after she returned from surgery and when she reduced her hours. Ms. Derani and another employee testified that the Restaurant normally retained all timesheet records. (Ex. 1, Attestations of Lena Derani, ¶ 9; Ex. 2, Attestation of Elsa Alaswad, ¶ 3.) Based on this evidence, Ms. Derani argues that "a jury could infer that [Mr. Wahdan] had [timecards from before the surgery] but decided not to produce them when he saw their results." (Response, docket #61, p. 4) Thus, the issue of how many hours Ms. Derani worked from April 4, 2011 to April 4, 2012 involves credibility determinations as to both parties' position.

In sum, Ms. Derani has produced sufficient evidence to permit an inference as to the amount of approximate overtime hours she worked, despite the absence of timecards from April 4, 2011 to April 4, 2012; the Restaurant's arguments about Ms. Derani's credibility do not negate the permissibility of a factual finding in her favor.

### 3. Offer of Judgment

The Restaurant next contends that its offer of judgment pursuant to Fed. R. Civ. P. 68 makes Ms. Derani whole on her unlawful failure to pay overtime claim, rendering it moot. In interpreting the Supreme Court's holding in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013), this Court held that a Rule 68 offer of judgment tendering complete relief eliminates the "case or controversy" of an action and, thus, justifies dismissal under Fed. R. Civ. P. 12(h)(3). *Perez v. Pinon Mgmt., Inc.*, No. 12-cv-00653-RM-MEH, 2013 WL 9854508, at *9 (D. Colo. July 1, 2013).

First, the Restaurant's offer of judgment applied a two year statute of limitations, and the Court has determined that Ms. Derani has overcome her burden at the summary judgment stage to permit a jury finding as to whether the three-year statute of limitation applies here. Second, the Restaurant's offer would not make Ms. Derani whole because it excluded attorney's fees. In an

action brought to enforce the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). "Payment of attorney fees and costs to a prevailing party in an FLSA action is *mandatory*." *Wright v. U–Let–Us Skycap Servs., Inc.*, 648 F.Supp. 1216, 1218 (D. Colo. 1986) (emphasis in original). Here, the Restaurant's Rule 68 offer excludes attorney's fees despite the mandatory requirement to pay such fees to a prevailing party in a FLSA action. (Ex. O, Offer of Judgment.) Thus, the Restaurant's Rule 68 offer cannot be one for complete relief where it is completely devoid of any attorney's fees.

Accordingly, the Restaurant's offer of judgment does not render moot Ms. Derani's failure to pay overtime claim.

**B.     Breach of Contract**

Under Colorado law, to prove a breach of contract claim, a plaintiff must establish the following elements: (1) the existence of a contract; (2) plaintiff's performance or some justification for nonperformance; (3) defendant's failure to perform; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). The Restaurant contends it is entitled to summary judgment for Ms. Derani's breach of contract claim because (1) she cannot prove a valid contract existed, (2) she cannot prove the Restaurant breached any agreement with her, and (3) she cannot establish damages to a reasonable degree of certainty.[1]

---

[1] While the breach of contract claim essentially duplicates the failure to pay overtime claim, Ms. Derani presumably includes the additional claim because she asserts the six-year statute of limitations applies to the breach of contract claim, and, thus, her damages for unpaid overtime wages extend beyond the three years available under the FLSA to April of 2008. The Restaurant counters that the breach of contract claim is subject to a three-year statute of limitations. Because the Court grants summary judgment on this claim, it need not resolve the parties' statute of limitations dispute.

The operative complaint alleges that Ms. Derani "had a verbal contract with the restaurant to work for the minimum wage." (Docket #10, Amended Complaint, ¶ 30.)  However, Ms. Derani testified at her deposition as follows:

> Q: Did you understand that your employment with Jerusalem was at will?
>
> A: Yes.
>
> Q: Do you understand what that means?
>
> A: Yeah.  That I'm the one that basically wants to work there, knew that – knew the rules and regulations of the company and would agree to it.
>
> Q: And you didn't enter into a contract with Jerusalem, did you?
>
> A: No, I did not.
>
> Q: Okay.  Verbal – no verbal contract?
>
> A: No.
>
> [objection by defense counsel]
>
> Q: You didn't enter into any agreement with Jerusalem for your employment; is that right?
>
> A: No.

(Ex. B, Derani Depo., 109:2-13.)

Ms. Derani has not produced any evidence contradicting this testimony or explaining how it is possible for a reasonably jury to conclude that a verbal contract existed despite Ms. Derani's admission that it did not.  Additionally, Ms. Derani attests that when she began working at the Restaurant, she asked Mr. Wahdan if he would pay her for overtime hours and he did not directly respond to her question.  (Ex. 1, Attestation of Lena Derani, ¶ 11.)  While that evidence may help show that any failure to pay overtime was "willful" and subject to the three-year statute of

limitations, it also shows that the Restaurant did not make a verbal contract with Ms. Derani. Thus, Ms. Derani's own testimony and sworn statements indicate that there was no verbal contract.

Nonetheless, Ms. Derani's response to the Restaurant's motion argues that "[i]t is legal nonsense to maintain that Ms. Derani did not have an oral contract with the restaurant to work for pay . . . that is, Ms. Derani did not agree to work for free." (Response, docket #61, p.8) Ms. Derani appears to argue that courts should presume – absent any evidence – the existence of a contract in which an employer agrees to comply with state and federal wage laws. Such a contract would be meaningless, as a breach of contract claim for such a contract seeks remedies already available under the FLSA and Colorado wage laws. The Court is unaware of any precedent supporting such a proposition and is not convinced there is any basis to presume the existence of a contract in this case.

Accordingly, because Ms. Derani has produced no evidence of the existence of a contract, the Restaurant is entitled to summary judgment on the breach of contract claim.

## **CONCLUSION**

For the reasons stated above, Defendant Jerusalem Restaurant, Inc.'s Motion for Summary Judgment Regarding Plaintiff Lena Derani [filed January 9, 2015; docket #52] is **GRANTED IN PART AND DENIED IN PART** as setforth herein.

Dated at Denver, Colorado, this 23rd day of March, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge