**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-00933-MEH

HANAN ALI and LENA DERANI

Plaintiffs,

vs.

JERUSALEM RESTAURANT, INC.

Defendant.

---

**DEFENDANT'S MOTION *IN LIMINE* REGARDING EVIDENCE REGARDING MS. BELAY AND MS. AYELE'S TESTIMONY AS TO THEIR PREGNANCY DISCRIMINATION CLAIMS, THEIR OPINION ABOUT WHETHER OR NOT THEY WERE DISCRIMINATED AGAINST, AND ANY OPINION TESTIMONY AS TO ULTIMATE ISSUE IN THE CASE**

---

Defendant Jerusalem Restaurant, Inc. ("Jerusalem") moves the Court *in limine* to instruct Plaintiffs not to refer to, interrogate witnesses concerning, attempt to offer into evidence, or convey to the jury in any manner, either directly or indirectly, any evidence regarding Ms. Belay and Ms. Ayele's testimony as to their pregnancy discrimination claims, their opinion about whether or not they were discriminated against, and any opinion testimony as to ultimate issue in the case.

### D.C.COLO.LCivR. 7.1A CERTIFICATION

Counsel for Defendant conferred with counsel for Plaintiffs who objects to the relief requested.

### BACKGROUND

This case was originally filed by four former Jerusalem employees alleging they were not paid for all hours worked and that Plaintiff Ali, former named Plaintiff Ayele, and former named Plaintiff Belay were discriminated against based on their pregnancies. Ms. Ayele and Ms. Belay

voluntarily dismissed their claims against Jerusalem. Counsel for Plaintiffs has included Ms. Ayele and Ms. Belay as will call witnesses and recently represented that if they are unable to be served trial subpoenas, their deposition testimony will be used at trial. Jerusalem anticipates that Plaintiffs intend to put on irrelevant, inadmissible, and improper lay opinion testimony from Ms. Ayele and Ms. Belay Therefore, Jerusalem moves the Court *in limine* to exclude any such evidence or reference to these issues at trial.

## **ARGUMENT**

The Court has the authority to grant a motion in *limine*, which excludes inadmissible evidence, as well as any and all reference by all parties, attorneys, and witnesses to the inadmissible evidence. Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). In determining whether evidence should be admitted, a court must first look at the issue of relevancy. Evidence is only relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401.

Based on deposition inquiries from opposing counsel, we anticipate that counsel for Plaintiffs will attempt to elicit testimony from Ms. Ayele and Ms. Belay that they were discriminated against based on their pregnancy. This testimony is not only extremely speculative but also impeachable. Ms. Belay and Ms. Ayele both testified that their hours could have been reduced for a number of reasons. Ms. Ayele also testified that she believed there was a misunderstanding as to the hours she was scheduled to work. Allowing Ms. Belay and Ms. Ayele to testify that they were subject to discrimination would therefore be not based on any objective measures but rather their own personal feelings. Testimony that is purely personal speculation is

inadmissible. Fed. R. Evid. 602. In addition, it lacks foundation and cannot under any circumstances be permitted. Irrespective of this purely speculative testimony, both Ms. Ayele and Ms. Belay testified in their depositions that they were not discriminated against based on their pregnancies. (Rec. Doc. 51-16, Ayele Depo, 41:18-19; Rec. Doc. 51-17, Belay Depo, 37:3-6).

Further, the probative value of the evidence is outweighed by the substantial risk of prejudice to Jerusalem by misleading the jury and confusing the issues. Fed. R. Evid. 403. Asking Ms. Ayele and Ms. Belay to speculate as to whether they were discriminated against opens the door to purely speculative and irrelevant opinion testimony that would serve no other purpose than to garner sympathy for Plaintiff Ali, draw attention away from relevant testimony and to bias the jury against Defendant. Testimony that would require the jury to infer that Ms. Ayele and Ms. Belay were discriminated against based on their experiences would essentially create a mini-trial on these issues as well as an inappropriate side-show. Any probative value garnered by Ms. Ayele and Ms. Belay's testimony is outweighed by their substantially prejudicial opinions which lack foundation. Speculative testimony cannot be admissible and would only confuse the issues to be decided by the jury. This is truly an instance where the sideshow threatens to take over the circus. *Martensen v. Koch*, Civ. Act. No. 13-cv-02411-REB-CBS, 2015 WL 332694 *2 (D. Colo. Jan. 26, 2015).

Admission of this evidence is also improper character evidence. Pursuant to Rule 404(b), evidence of other wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b). Plaintiffs would have the jury reason that because two other employees at one point in time believed they were discriminated against because of their pregnancies, representatives of Jerusalem had the character of persons who discriminate and that therefore they discriminated against Plaintiff in this case. "This inference is

precisely the sort proscribed by Rule 404(b); inferring character from an act, and then a different act from that character, and is impermissible." *McCue v. State of Kan., Dept. of Human Resources*, 165 F.3d 784, 790 (10th Cir. 1999). Such evidence is incredibly convoluted and is inadmissible because it requires a character inference not allowed by the rules of evidence. Jerusalem moves for the court to preclude Plaintiffs from introducing this inadmissible evidence to the jury.

It is also anticipated that opposing counsel will inquire into whether or not Ms. Ayele and Ms. Belay believed Plaintiff Ali was discriminated against as a result of her pregnancy. At deposition, in response to this question, these witnesses were not comfortable speculating as to the basis as to whether or not there was pregnancy discrimination for Plaintiff. Inquiries like this are precluded by the rules of evidence from lay witnesses opining as to the ultimate issue in the case. *Trotter v. Todd*, 719 F.2d 346 (10th Cir. 1983). Jerusalem moves for the court to preclude Plaintiffs from asking these impermissible questions from the witnesses.

## CONCLUSION

WHEREFORE, Jerusalem respectfully moves the Court to enter an Order *in limine* to instruct Plaintiffs not to refer to, interrogate concerning, attempt to offer into evidence, or convey to the jury in any manner, either directly or indirectly, any evidence regarding Ms. Belay and Ms. Ayele's testimony as to their pregnancy discrimination claims, their opinion about whether or not they were discriminated against, and any opinion testimony as to ultimate issue in the case.

Respectfully submitted by,

**MESSNER REEVES LLP**

*/s/ Allison Dodd*
Allison Dodd (CO Bar No. 43835)
1430 Wynkoop St. Suite 300
Denver, CO 80202
Telephone: (303) 623 1800
Facsimile: (303) 623 0552
adodd@messner.com

*Attorneys for Defendant Jerusalem Restaurant, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2015, I electronically filed the foregoing **DEFENDANT'S MOTION *IN LIMINE* REGARDING EVIDENCE REGARDING MS. BELAY AND MS. AYELE'S TESTIMONY AS TO THEIR PREGNANCY DISCRIMINATION CLAIMS, THEIR OPINION ABOUT WHETHER OR NOT THEY WERE DISCRIMINATED AGAINST, AND ANY OPINION TESTIMONY AS TO ULTIMATE ISSUE IN THE CASE** via the CM/ECF system:

Robert M. Liechty
CROSS LIECHTY LANE PC
7100 E. Belleview Ave, Suite G-11
Greenwood Village, CO 80111

*s/ Kimberly Smith*
Kimberly Smith, Legal Assistant