IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00933-MEH

HANAN ALI, and
LENA DERANI,

    Plaintiffs,

v.

JERUSALEM RESTAURANT, INC.,

    Defendant.

## ORDER ON ADMISSIBILITY OF EVIDENCE

**Michael E. Hegarty, United States Magistrate Judge**.

This matter is set for trial commencing June 22, 2015. At the trial preparation conference, the parties and I discussed certain anticipated evidence. In order to assist the parties in their trial preparation, I make the following rulings concerning the broad categories of evidence raised at the conference.

**A.   Evidence of Discrimination Against Other Employees**

Plaintiffs anticipate calling several witnesses who will testify that while employed at the Defendant restaurant, they experienced similar treatment as that alleged by the Plaintiffs (in broad terms, pregnancy discrimination). Defendant opposes such evidence.

Some reported cases refer to this sort of testimony as "me too evidence." *Goodson v. Nat'l Ass'n of Letter Carriers*, 269 F. App'x 798 (10th Cir. Mar. 13, 2008). The cases uniformly hold that such evidence is not *per se* inadmissible or admissible. *E.g., Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167-68 (3d Cir. 2013). Admissibility is governed by the similarity of the plaintiff's

experience to that of the "me too" witnesses. This is a matter for ruling at trial. Defendant's request for a pretrial order *in limine* excluding such evidence is **denied.**

**B.      Coercion of Signed Affidavit by Former Employee**

Plaintiffs propose to call a witness, Kidist Nagash, who will purportedly testify that "she was threatened with termination if she did not sign her affidavit filed with the Court [in support of Defendant's motion for summary judgment], even though she told the restaurant that it was false." Plaintiffs' Supplemental Trial Brief at 5. (Docket #108.) Defendant's alleged actions fall into the realm of "litigation conduct," as there is no allegation that Ms. Nagash experienced this treatment because she was pregnant. In another context (bad faith insurance claim), the Tenth Circuit has found litigation conduct to be generally inadmissible under Fed. R. Evid. 401 and 403. *Timberlake Constr. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 340-41 (10th Cir. 1995). I do not believe such evidence is sufficiently similar to the claims at issue here to be relevant, and certainly not sufficiently relevant to overcome the undue prejudice that would inure to the Defendant. I do not want to turn this trial into a series of minitrials concerning issues other than those legal claims that will be submitted to the jury. Nor do I think the proposed evidence is related to Plaintiffs' claims sufficient to admit it in support of punitive damages. Defendant's request for a pretrial order *in limine* excluding such evidence is **granted.**

However, this may not be the end of the matter:

> This is not an appropriate matter to be debated at trial. If a party attempted to commit a fraud upon the court and manufactured false evidence during discovery, that would be a separate offense. The fraud upon the court has no direct relation to the underlying complaint or the underlying trial and it should be dealt with separately. The fraud upon the court impacts the underlying case only to the extent that any such falsified evidence must be excluded from the trial and because of the fraud, sanctions may be warranted in the underlying case.

*Unique Envelope Corp. v. GS America, Inc.*, No. 00-C-7811, 2004 WL 783354, at * 3 (N.D. Ill. Jan. 12, 2004).  Plaintiffs should bring an appropriate motion if they believe the complained-of conduct rises to the level of sanctionable.

    SO ORDERED.

    Dated at Denver, Colorado this 9th day of June, 2015.

                                  BY THE COURT:

                                  Michael E. Hegarty
                                  United States Magistrate Judge