IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00933-MEH

HANAN ALI, and
LENA DERANI,

      Plaintiffs,

v.

JERUSALEM RESTAURANT, INC.,

      Defendant.

___

**ORDER ON PLAINTIFFS' MOTION FOR LIQUIDATED DAMAGES AND INTEREST**
___

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiffs' Motion for Liquidated Damages and Interest [filed July 9, 2015; docket #131]. Defendant filed a timely Response, to which Plaintiffs filed a Reply. *See* dockets ##136, 138. Oral argument would not materially assist the Court in its adjudication of the Motion. For the reasons that follow, the Motion is **granted in part** and **denied in part**.

      Plaintiffs prevailed in their jury trial on their Fair Labor Standards Act (FLSA) claims. They now seek liquidated damages and prejudgment interest. As noted by the parties, "[g]enerally, an employer in violation of the FLSA is liable for both compensatory damages as well as 'an additional equal amount as liquidated damages,' essentially doubling the plaintiffs' damage award." *Mumby v. Pure Energy Servs. (USA), Inc.,* 636 F.3d 1266, 1272 (10th Cir. 2011) (citing 29 U.S.C. § 216(b)). Only if the employer can establish that its "conduct was both in good faith and based on a reasonable belief that [it] was not in violation of the FLSA, the court may, in its discretion, award less or no liquidated damages. *See* 29 U.S.C. § 260." *Id.*

In *Mumby*, the district court found that the employer subjectively intended to follow the FLSA, was thus in good faith, but was liable for liquidated damages anyway, because its actions were unreasonable. Moreover, the Tenth Circuit stated that even with a finding of good faith *and* reasonable conduct by the employer, liquidated damages are discretionary with the trial court. Here, I do not believe Defendant subjectively intended to follow the FLSA; indeed, I believe the Defendant did not really regard the FLSA or seriously consider it in its payroll activity. This is not a determination of "bad faith" or malevolent intent, but a recognition that the Defendant's recordkeeping procedures were messy and its obligation to encourage or even require its employees to keep accurate timecards inconsistent. On this record, I cannot find a basis to overcome the presumption of liquidated damages, particularly in light of the jury's finding of willfulness. The jury was instructed that in order to find willful conduct, Plaintiff Lena Derani must prove by a preponderance of evidence that Defendant "knew its conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA." Instruction No. 30, Docket 135 at 36. Thus, I will award a full liquidated damage award here, resulting in payment of $285.44 to Plaintiff Hanan Ali, and $593.00 to Plaintiff Derani, as requested by Plaintiffs.

With regard to prejudgment interest, I agree with Defendant that the prevailing law appears to forbid an award of *both* liquidated damages and prejudgment interest in an FLSA case. That is what *Doty v. Elias*, 733 F.2d 720 (10th Cir. 1984) holds. This is also consistent with other circuits. *E.g.*, *Lupien v. City of Marlborough,* 387 F.3d 83 (1st Cir. 2004); *Braswell v. City of El Dorado, Ark.*, 187 F.3d 954 (8th Cir. 1999). I will note that the Tenth Circuit has affirmed lower court decisions awarding (or potentially awarding) both liquidated damages and prejudgment interest in FLSA cases. *E.g., Kellogg v. Energy Safety Servs. Inc.*, 544 F.3d 1121

(10th Cir. 2008); *Dep't of Labor v. City of Sapulpa, Okla.*, 30 F.3d 1285 (10th Cir. 1994).   I can only assume the issue of double recovery was not raised by the parties in those latter cases.   In any event, Plaintiffs' counsel concedes the point.   *See* Reply, docket #138.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Liquidated Damages and Interest [filed July 9, 2015; docket #131] is **granted in part** and **denied in part** as noted herein.   Liquidated damages are hereby awarded to Plaintiff Ali in the amount of $285.44, and in the amount of $593.00 to Plaintiff Derani; however, no prejudgment interest will be awarded.

SO ORDERED.

Dated at Denver, Colorado this 11th day of August, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge