IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00933-MEH

HANAN ALI, and
LENA DERANI,

      Plaintiffs,

v.

JERUSALEM RESTAURANT, INC.,

      Defendant.

_____

## ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
_____

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiffs' Motion for Attorney's Fees [filed July 10, 2015; docket #132]. Defendant filed a timely Response, to which Plaintiffs filed a Reply. *See* dockets ##136, 139. Oral argument would not materially assist the Court in its adjudication of the Motion. For the reasons that follow, the Motion is **granted in part** and **denied in part**.

      Plaintiffs prevailed in their jury trial on their Fair Labor Standards Act (FLSA) claims. They now seek reasonable attorney's fees. Such fees are mandatory under the FLSA. 29 U.S.C. § 216(b). Therefore, I will address the Defendant's arguments concerning the reasonableness of Plaintiffs' request for $81,932.50 in attorney's fees.

## I.    "Plaintiffs Should Not Be Entitled To Any Award Of Attorney Fees."

      In making this argument, Defendant does not cite any case in which an FLSA plaintiff was a prevailing party at trial. In *Goss v. Killian Oaks House of Learning*, 248 F. Supp.2d 1162 (S.D. Fla. 2003), the court had before it a settlement, not a judgment, and found that the suit was actually frivolous. I do not believe *Goss* is persuasive for these reasons. I do agree with the

Defendant's last point in this section, *i.e.*, I have discretion to determine an appropriate fee.

**II.**   **"Even If This Court Determines Plaintiffs Are Entitled To An Award Of Fees And Costs, Any Award Must Be Reasonably Related To The Verdict Awarded."**

I agree that the attorney's fees must bear a relationship to the degree of success at trial. While it is true that the raw monetary award is modest here, Plaintiff's counsel is correct in that, at least for Plaintiff Ali, she received what she requested.  Moreover, Plaintiff Derani convinced the jury that Defendant's failure to pay her overtime was willful.  These two aspects of the verdict were unqualified successes.  On the other hand, Plaintiff Derani failed to recover all of her requested damages; Ms. Ali failed to prove her pregnancy discrimination claim under Title VII; and the Rule 68 offer of judgment, which Plaintiffs rejected, was significantly higher than the ultimate award.[1]  I will weigh these successes and failures in determining an appropriate attorney's fee.

**III.**   **"Even If This Court Determines Plaintiffs Are Entitled To Fees, The Fees Recovered Can Only Be Related To Plaintiffs' FLSA Claim.**

I agree with the general premise of Defendant's point in this section, but I also note Plaintiffs' reply to the effect that (1) I should not exclude fees in situations where "unsuccessful claims were intertwined with the successful claims through a common core of facts or related legal theories." *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir. 1998); (2) Plaintiffs are not seeking fees related to the EEOC charges; and (3) Plaintiffs are not seeking fees related directly to two Plaintiffs who were voluntarily dismissed from the case prior to trial.  I have reviewed the parties' submissions on this issue and am convinced that Plaintiffs are not seeking

---

[1]Although the offer of judgment in this case does not serve the purpose of re-allocating – as a matter of law – costs in this case for the reasons stated in my Order of March 23, 2015 (Docket #81), it can and should serve as a factor in determining what the reasonable fees should be.  *Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 761 (10th Cir. 1999); *Haworth v. State of Nev.*, 56 F.3d 1048, 1052-53 (9th Cir. 1995).

fees for completely unrelated or unsuccessful claims.

**IV.    "Counsel For Plaintiffs' Requested Hourly Rate Is Unreasonable."[2]**

Defendant makes various arguments about the reasonableness of Plaintiffs' counsel's hourly rate.  I will note that, according to our Court's CM/ECF record, Plaintiffs' counsel has been of record in 289 cases.  Although I express no opinion on whether $400 per hour as an abstract matter is reasonable, his experience level is commensurate with other attorneys in this District who are receiving this or even a greater hourly rate.  I do not find a basis for rejecting his requested rate here.

Taking into account the arguments made by both sides, I believe a twenty-five percent reduction in attorney's fees is reasonable.  The major factor supporting a reduction is the degree of success overall, as well as in light of the rejected offer of judgment.  The major factors supporting an attorney's fee award that is significantly higher than the jury verdict are the vindication of an important legal right; the finding of willfulness; and the effect on a worker's incentive to enforce wage laws were I to follow Defendant's suggestion and award no fees at all.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees [filed July 10, 2015; docket #132] is **granted in part** and **denied in part** as noted herein.  Attorney's fees are hereby awarded to Plaintiffs in the amount of $61,500.00 to be offset by the $2,500.00 sanction mentioned herein.

SO ORDERED.

---

[2]I am omitting Defendant's argument concerning the offset of $2,500.00 which Plaintiffs owe Defendant as a sanction that I imposed earlier in this case, because Plaintiffs conceded the point in their Reply.

Dated at Denver, Colorado this 11th day of August, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge